IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 97-20057 |
| | ) | |
| DELPHI L. HONORABLE, | ) | |
| | ) | |
| Defendant. | ) | |

OPINION

RICHARD MILLS, United States District Judge:

The Defendant moves for a reduced sentence under Section 404(b) of the
First Step Act.

I.      BACKGROUND

In March 1998 the Defendant, Delphi L. Honorable, pled guilty to the single-
count indictment charging him with approximately 5 grams of crack cocaine with
the intent to distribute.  Because of a prior conviction, the Government sought an
enhanced sentence pursuant to 21 U.S.C. § 851.  Under 21 U.S.C. § 841(b)(1)(C),
the Defendant faced a statutory maximum of 30 years imprisonment.

At sentencing, the Defendant was classified as a career offender.  The
Defendant's total offense level was determined to be 31 and, along with a criminal
history category of VI, the Defendant's guideline range was 188 to 235 months in

prison.  Under § 841(b)(1)(C), the Defendant faced a statutory minimum term of 6 years of supervised release.

On July 21, 1998, the Defendant was sentenced to a term of 188 months' imprisonment and 6 years of supervised release.  On November 1, 2011, the Defendant was released from custody after serving 167 months in prison.  He thus began his supervised release term the same day.

On October 14, 2016, a petition to revoke supervised release was filed as to the Defendant.  The Defendant was arrested on October 20, 2016, after spending 5 years on supervised release.  The Defendant admitted to Distribution of a Controlled Substance (Heroin) and Possession of a Firearm by a Felon in furtherance of a Drug Trafficking Crime.  On April 25, 2017, the Court revoked the Defendant's supervised release and he was sentenced to serve 24 months' imprisonment to run consecutively to the sentence imposed in Case Number 16-cr-30040.  The Defendant received a total sentence of 75 months in the 2016 case[1] and is scheduled to be released from prison on December 2, 2023.

---

[1] Because the offenses in Case Number 16-30040 are not covered offenses under the First Step Act, the 75-month sentence in that case is not subject to the Defendant's motion.

## II.  DISCUSSION

### (A)

The Defendant alleges he is eligible for a reduced sentence under section 404 of the First Step Act.  The Court imposed the original sentence on Count 1 for a "covered offense" because the Defendant committed the offense before August 3, 2010, and the statutory penalty for possession of crack cocaine with the intent to distribute under § 841(b)(1)(C) was modified by section 2 of the Fair Sentencing Act.  The Defendant is eligible for a reduced sentence under section 404 of the First Step Act.  The Seventh Circuit recently determined that a violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) is a covered offense under the First Step Act.  *See United States v. Hogsett*, ___ F.3d ___, 2020 WL 7134464,  at *3 (7th Cir. Dec. 7, 2020) ("[T[he Fair Sentencing Act modified the statutory penalties for § 841(b)(1)(C), so all convictions under that subsection—regardless of whether they are subject to a different penalty range—are "'covered offenses.'").

The fact that Defendant is serving a penalty imposed for violating the terms of his supervised release does not change the First Step Act analysis.  "[A]n accused's final sentence includes any supervised release sentence he may receive. . . . [S]upervised release punishments arise from and are 'treat[ed] . . . as part of the penalty for the initial offense." *United States v. Haymond*, 139 S. Ct. 2369, 2379-80 (2019) (plurality) (quoting *Johnson v. United States*, 529 U.S. 694, 700 (2000)).

"[W]hen a defendant is penalized for violating the terms of his supervised release, what the court is really doing is adjusting the defendant's sentence for his original crime." *Id*. at 2380 n.5.  In a concurring opinion, Justice Breyer agreed: "Revocation of supervised release is typically understood as 'part of the penalty for the initial offense.'"  *Id*. at 2386 (Breyer, J., concurring) (quoting *Johnson*, 529 U.S. at 700).

The Supreme Court's view of supervised release is consistent with the Seventh Circuit's longstanding understanding of supervised release.  "[S]upervised release is part of the defendant's original sentence that is executed when the defendant is returned to prison after a violation of the terms of his release."  *United States v. Wyatt*, 102 F.3d 241, 245 (7th Cir. 1996) (internal citation omitted).

Although the Seventh Circuit has not addressed the precise issue, three circuit courts of appeal have determined that defendants serving prison sentences upon revocation of supervised release for a covered offense are eligible for relief under the First Step Act.  *United States v. Venable*, 943 F.3d 187, 194 (4th Cir. 2019); *United States v. Woods*, 949 F.3d 934, 937 (6th Cir. 2020); *United States v. Avery*, 807 F. App'x. 74 (2d Cir. 2020).  While the Seventh Circuit has not squarely addressed the issue, that court did cite *Venable* favorably in reaching its recent conclusion in *United States v. Hudson*.  *See Hudson*, 967 F.3d 605, 610 (7th Cir. 2020) (citing *Venable* for the proposition that a "drug conviction under 21 U.S.C. § 841(a) falls within the First Step Act's definition of 'covered offense,' meaning that

4

so long as he is serving any part of his sentence for that offense, he is eligible for a reduction.").

(B)

Based on the Seventh Circuit's reasoning, therefore, the Court finds that Defendant is eligible for a reduced sentence under the First Step Act.  Accordingly, the Court has the discretion to reduce the Defendant's sentence.

The Defendant claims that the use of the career offender guideline in this case was particularly draconian, resulting in an extremely high sentence in a case that involved a total of 2.7 grams of crack cocaine.  The Defendant was determined to be a career offender based on a 1991 state court drug offense which involved the delivery of less than 1 gram of cocaine and a 1994 cannabis offense.  Neither offense was a crime of violence.  The Defendant was a career offender and sentenced to 188 months in prison for a total of 2.7 grams of crack cocaine, no more than .9 grams of cocaine and a cannabis offense.  The Defendant states that federal offenders held responsible for massive amounts of  crack cocaine have received the same or lighter sentences than did the Defendant in 1998.

The Defendant further notes that without the career offender designation, the Defendant would have faced a much lower sentencing range.  After the Fair Sentencing Act and absent the career offender designation, the Defendant would face

a guideline range sentence of 51 to 63 months under the drug quantity guideline. The Defendant asks the Court to consider the disparity between his actual offense and the career offender guideline, in addition to his relatively non-serious career offender predicate offenses when considering his motion for a reduced sentence under the First Step Act.

The Defendant claims that a reduction in this case from 24 months to 6 months would mitigate the harsh application of the career offender guideline in this case. That sentence would account for sentencing factors such as deterrence, protection of the public, and to reflect the seriousness of the § 841 offense. The Defendant further alleges such a reduction would be consistent with sentences of other defendants who were found guilty of similar conduct.

At the time the petition to revoke was filed, the Defendant had been on supervised release for 58 months. However, the Violation Report provides that his adjustment to supervision was poor. Notably, the Defendant was arrested for retail theft and burglary approximately two years before the petition to revoke was filed. In March 2016, he was convicted of felony retail theft and the burglary charge was dismissed. While on supervised release, the Defendant missed drug tests and tested positive for marijuana on multiple occasions. He also tested positive for Codeine and Morphine, for which he did not provide a prescription.

The Court recognizes that the sentence the Defendant received in 1998 was harsh.  If he were sentenced 20 years later for the same offense, he may well have received a significantly lower sentence.  He certainly would have received a lower sentence were he not sentenced as a career offender.  However, it is difficult to overlook the Defendant's conduct while on supervised release after he served 14 years in prison.  He continued selling drugs after he was released.  He sold heroin which has been a major scourge throughout the country and in the Central District of Illinois.  The Defendant admitted to possessing  a firearm while selling the drugs.

It is worth noting that Defendant's 24-month term for revocation of supervised release was 9 months below the low end of the policy statement guideline range. One of the reasons that the Court imposed a below-guideline sentence for what were serious violations of supervised release is because the Defendant was also being sentenced for the criminal acts in the 2016 case.

The sentencing factors under section 3553(a) such as providing just punishment, reflecting the seriousness of the offense, deterrence and protection of the public weigh against reducing the Defendant's 24-month term for violating his supervised release.  This is true even though the Defendant received a significant prison term in Case Number 16-30040.   The Defendant's conduct while on supervised release represented an escalation of criminality and suggests that the 188-month term he received in 1998 did not result in the sentencing goals being achieved.

7

According to the First Step Act Computation [d/e 69] prepared by the United States Probation Office, the Defendant has received three disciplinary infractions while serving his current prison term.

A reduction of the Defendant's supervised release term is authorized under the First Step Act.  For the reasons stated herein, however, the Court is unable to find that a reduction is appropriate upon considering the nature of the violations and the applicable sentencing factors.

Ergo, the Motion of Defendant Delphi L. Honorable for a Reduced Sentence under Section 404(b) of the First Step Act [d/e 65] is DENIED.

The Court will terminate the Defendant's *pro se* Motion to Reduce Sentence [d/e 61].

ENTER: December 23, 2020

FOR THE COURT:

/s/ *Richard Mills*
Richard Mills
United States District Judge