IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 97-20057 |
| ) | |
| DELPHI L. HONORABLE, ) | |
| ) | |
| Defendant. ) | |

OPINION

RICHARD MILLS, United States District Judge:

Delphi Honorable has filed a *Pro Se* motion seeking reconsideration of the Court's Order denying his motion for a reduced sentence under Section 404(b) of the First Step Act.

Defendant Honorable also moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A).[1]

I.

On April 25, 2017, following Defendant Delphi Honorable's admission to distribution of a controlled substance (Heroin) and possession of a firearm by a felon

---

[1] The Court is considering the amended motion for compassionate release filed by Defendant Delphi Honorable in Case Number 16-30040 along with the motion filed in this case.

1

in furtherance of a drug trafficking crime, the Court revoked the Defendant's supervised release and sentenced him to 24 months' imprisonment. That sentence was ordered to run consecutively to Defendant Honorable's sentence in Case Number 16-cr-30040, wherein he was sentenced to 75 months' imprisonment.

According to the Bureau of Prisons website, the Defendant is housed at Forrest City Low FCI with a projected release date of August 1, 2024.

In it prior Order, the Court noted that Defendant's motion to reduce does not pertain to the 2016 case because the offenses in that case are not covered offenses under the First Step Act.

The Court previously determined that it had the discretion under the First Step Act to reduce Defendant's sentence for violating supervised release. Upon considering the Defendant's poor adjustment to supervised release along with the applicable factors under 18 U.S.C. § 3553, however, the Court concluded that a reduction of the Defendant's sentence was not warranted.

After considering the Defendant's motion to reconsider, the Court again concludes that Defendant's conduct while on supervised release and the relevant sentencing factors weigh against a reduction. Accordingly, the Court find no basis to reconsider its prior Order.

II.

The Defendant also moves for compassionate release due to the COVID-19 pandemic. In support of the motion, the Defendant states that he has some overly sensitive health issues that enhance his risk of serious illness. Therefore, the Defendant asks that he be placed on home confinement.

In Honorable's amended motion for compassionate release filed in Case Number 16-30040, the Defendant notes that he suffers from obesity, hypertension and having been a smoker for more than 20 years. At the time the motion was briefed, Honorable's health issues established extraordinary and compelling reasons for the Court to consider the motion for compassionate release. Since the Defendant's motion was filed, COVID-19 vaccines have become readily available in federal prisons. Over 75% of the inmates at the Forrest City FCC have been vaccinated. The Defendant's vaccination status is unknown. Presumably, Honorable at least has had an opportunity to be vaccinated.

The widespread availability of vaccines for COVID-19 within the Bureau of Prisons likely "makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release" for most prisoners. *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021). "[A] prisoner who remains at elevated risk because he has declined to be vaccinated cannot plausibly characterize that risk as an 'extraordinary and compelling' justification for release. The risk is self-incurred." *Id*. Moreover, "vaccines provide a much better defense

against infection than any judicial order could do." *United States v. Ugbah*, 4 F.4th 595, 597 (7th Cir. 2021).

The Court concludes that Honorable is unable to establish extraordinary and compelling reasons which warrant compassionate release.

Even if Honorable could establish extraordinary and compelling reasons, the Court is unable to conclude that compassionate release should be granted based on the sentencing factors under 18 U.S.C. § 3553(a). While the Court recognizes the likelihood of recidivism decreases with age, Honorable was in his 40s when he violated his conditions of supervised release and committed a new offense. During the course of his two BOP terms, Honorable has incurred over 20 infractions from BOP which have resulted in discipline. In 2019, moreover, he was sanctioned for possessing marijuana inside FCI Forrest City Low. Honorable is classified as a high recidivism risk by the BOP. For these reasons, the Court concludes that factors such as providing just punishment, deterrence, and the protection of the public weigh against compassionate release even if the Defendant were able to establish extraordinary and compelling reasons.

Ergo, the Motion of Defendant Delphi Honorable for Compassionate Release [d/e 63] is DENIED.

Defendant Delphi Honorable's *Pro Se* Motion for Reconsideration of the Order denying his Motion for a Reduced Sentence [d/e 72] is DENIED.

ENTER: February 11, 2022

        FOR THE COURT:

                              /s/ *Richard Mills*
                              Richard Mills
                              United States District Judge